FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 21 2017

JAMES W. McCORMACK, CLERK
By: _____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMELIA GOLDMAN and ANABEL LOGAN          PLAINTIFFS
and MARY MESQUIT, Each Individually and
on Behalf of All Others Similarly Situated, and
TIFFANY SNEARLY

vs.                No. 4:17-cv-770-BRW

This case assigned to District Judge Wilson
and to Magistrate Judge Harris

R J TAO, LLC d/b/a PROSPECTS SPORTS
BAR AND GRILL, LULU CHI, JACOB CHI
and JASEN CHI                            DEFENDANTS

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Amelia Goldman and Anabel Logan and Mary Mesquit (collectively "Server Plaintiffs"), each individually and on behalf of all others similarly situated, and Plaintiff Tiffany Snearly, by and through their attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for their Collective Action Complaint against Defendants R J Tao, LLC, d/b/a Prospects Sports Bar and Grill, Lulu Chi, Jacob Chi and Jasen Chi, hereby state and allege as follows:

### I. INTRODUCTION

1.  This is a collective action for wages owed. Defendants Lulu Chi, Jacob Chi and Jasen Chi (collectively "Defendants") own and/or operate several restaurants in

Pulaski County, including R J Tao, LLC d/b/a Prospects Sports Bar and Grill ("Prospects").

2. Server Plaintiffs were servers at Prospects. They were each paid $2.63 per hour plus tips. Defendants, however, did not let Server Plaintiffs keep all of the tips they received. Rather, when Server Plaintiffs were hired, they were told that part of their tips would be collected by management as a part of a tip-pooling arrangement. The tips collected purportedly were distributed to other Prospects employees such as chefs and table bussers. Because Defendants did not operate a valid tip pool, they were required to pay Server Plaintiffs and their other servers at least $7.50 per hour.

3. Defendants' policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Server Plaintiffs and others similarly situated are not compensated at a minimum of $7.50 per hour. Server Plaintiffs bring this suit individually, and on behalf of all other servers employed by Defendants.

4. Plaintiff Tiffany Snearly ("Snearly") was a cook at Prospects. Snearly was scheduled to and did work more than forty (40) hours per week, but Defendants paid Snearly a fixed salary with no overtime premiums.

5. Defendants' policies as to Snearly violated the AMWA and the FLSA because Snearly was non-exempt from the overtime provisions of the AMWA and the FLSA and entitled to one and one-half times her regular rate of pay for all hours worked in excess of forty per workweek.

## II. JURISDICTION AND VENUE

6. This is an action brought by Plaintiffs on behalf of themselves and all others similarly situated against Defendants for violations of the FLSA, 29 U.S.C. § 201 *et seq.* and the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*

7. Plaintiffs and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay minimum wages under the FLSA and the AMWA.

8. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

10. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

12. Plaintiff Amelia Goldman is a citizen and resident of Pulaski County.

13. Plaintiff Goldman worked for Defendants as a server after October 15, 2015.

14. Plaintiff Anabel Logan is a citizen and resident of Pulaski County.

15. Plaintiff Logan worked for Defendants as a server after October 15, 2015.

16. Plaintiff Mary Mesquit is a citizen and resident of Pulaski County.

17. Plaintiff Mesquit worked for Defendants as a server after October 15, 2015.

18. Plaintiff Tiffany Snearly is a citizen and resident of Pulaski County.

19. Plaintiff Snearly worked for Defendants as a cook between approximately July of 2017 and September of 2017.

20. Plaintiffs, as employees of Defendants, are or were engaged in commerce or in the production of goods for commerce.

21. Plaintiffs and all other similarly-situated employees were employed by Defendants at Prospects and Defendants' other restaurants in Little Rock.

22. Defendant Prospects is an Arkansas for-profit company that owns and operates restaurants in Pulaski County.

23. Defendant Prospects' registered agent for service of process is Jacob Chi, who may be served at 1000 Kirby Road, Suite 200, Little Rock, Arkansas 72211.

24. Defendant Lulu Chi is an owner and operator of Prospects.

25. Defendant Lulu Chi set and maintained the policies at issue in this case.

26. Defendant Jacob Chi is an owner and operator of Prospects.

27. Defendant Jacob Chi set and maintained the policies at issue in this case.

28. Defendant Jasen Chi is an owner and operator of Prospects.

29. Defendant Jasen Chi set and maintained the policies at issue in this case.

30. Defendants' annualized gross volume of sales made or business done is not less than $500,000.00.

31. Defendants employ individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

32. Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-203, at all times relevant this lawsuit.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

34. Server Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated servers, former and present, who were and/or are affected by

Defendants' willful and intentional violation of the FLSA pursuant to 29 U.S.C. §§ 207 and 216(b).

35. Plaintiffs are unable to state the exact number of the class, but believe the number to be more than ten. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

36. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

37. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

38. The proposed FLSA collective members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class their tips and wages as a result of Defendants' uniform policy of taking tips pursuant to an illegal tip-pooling arrangement and requiring Server Plaintiffs and those similarly situated to spend more than 20% of their time on non-tipped duties.

39. Because these employees are similarly situated to Server Plaintiffs, and are owed back wages for the same reasons, the opt-in class is properly defined as:

> **All persons employed by Defendants as servers at Prospects Bar and Grill at any time during the three years preceding the filing of this lawsuit.**

## V. FACTUAL ALLEGATIONS

40.  Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

41.  Server Plaintiffs and all similarly-situated employees worked as hourly, non-exempt servers at Prospects.

42.  Defendants pay all of their servers less than the minimum wage of $7.50 per hour. For example, Defendants paid Plaintiffs $2.63 per hour. Instead of paying the required minimum wage, Defendants purport to take advantage of the tip credit allowed by 29 U.S.C. § 203(m) and Ark. Code Ann. § 11-4-212.

43.  Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

44.  Defendants required servers to spend more than twenty percent (20%) of their time on non-tipped work, and paid the servers $2.63 per hour regardless of the work servers performed.

45.  Defendants do not allow their servers to keep all of the tips they receive. Instead, Defendants require their servers to enter into a tip-pooling agreement as a condition of employment. Each server is required to give a certain percentage of his or her collected tips to management to purportedly be redistributed to other employees.

46. Defendants told Server Plaintiffs that the collected tips were distributed among kitchen staff and other employees who do not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

47. Defendants often did not distribute the collected tips, but kept the money.

48. When they did distribute the tips, some of the employees who were provided with money from the pool were not employees who customarily and regularly receive tips. As a result, Defendants' tip pool did not satisfy the requirements of the FLSA and Defendants are not eligible to take the tip credit.

49. Server Plaintiffs and others similarly situated are entitled to the return of their tips and to full wages and compensation based on the standard minimum wage for all hours worked.

## VI. FIRST CLAIM FOR RELIEF

**(Collective Action Claim for Violation of the Fair Labor Standards Act; Mandatory Tip-Pooling Arrangement)**

50. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

51. This is a collective action filed on behalf of all non-exempt servers who were subject to an illegal tip-pooling arrangement under the FLSA.

52. At all relevant times, Server Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

53. At all relevant times, Server Plaintiffs and all similarly-situated employees have been "employees" of Defendants, as defined by 29 U.S.C. § 203(e).

54. At all relevant times, Defendants were "employers" of Server Plaintiffs and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

55. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

56. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

57. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

58. At all relevant times, Defendants willfully failed and refused to compensate Server Plaintiffs and other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip-pooling arrangement.

59. Defendants violated and continue to violate the FLSA by withholding Server Plaintiffs' and all other similarly-situated employees' tips in furtherance of an invalid tip-pooling arrangement.

60. Defendants willfully violated and continue to violate the above provisions by withholding Server Plaintiffs' and all other similarly situated employees' tips and wages in furtherance of an invalid tip-pooling arrangement.

61. Defendants' violations entitle Server Plaintiffs and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the

minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

62. Defendants' violations entitle Server Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

63. Server Plaintiffs and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of the Fair Labor Standards Act; Mandatory Tip-Pooling Arrangement)

64. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

65. At all relevant times, Server Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

66. At all relevant times, Server Plaintiffs have been "employees" of Defendants as defined by 29 U.S.C. § 203(e).

67. At all relevant time, Defendants were "employers" of Server Plaintiffs as defined by 29 U.S.C. § 203(d).

68. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

69. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

70. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

71. At all relevant times, Defendants willfully failed and refused to compensate Server Plaintiffs for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip-pooling arrangement.

72. Defendants violated and continue to violate the FLSA by withholding Server Plaintiffs' tips in furtherance of an invalid tip-pooling arrangement.

73. Defendants willfully violated and continue to violate the above provisions by withholding Server Plaintiffs' tips and wages in furtherance of an invalid tip-pooling arrangement.

74. Defendants' violations entitle Server Plaintiffs to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.25 per hour less the amount of wages actually received and a return of the tips withheld.

75. Defendants' violations entitle Server Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

76. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VIII. THIRD CLAIM FOR RELIEF

**(Individual Claims for Violation of AMWA; Minimum Wage Provisions)**

77. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

78. At all relevant times, Server Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

79. At all relevant times, Server Plaintiffs have been "employees" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

80. At all relevant times, Defendants were "employers" of Server Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

81. Defendants have failed and refused to comply with the AMWA wage requirements by failing to allow Server Plaintiffs to keep their tips to offset the gratuity allowance permitted by Ark. Code Ann. § 11-14-212.

82. Defendants took advantage of the gratuity allowance permitted by Ark. Code Ann. §11-14-212, but also required Server Plaintiffs to give a portion of their tips to management, thus preventing Server Plaintiffs from receiving minimum wage as required by Ark. Code Ann. § 11-14-210.

83. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

84. By reason of the unlawful acts alleged herein, Defendants are liable to Server Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred

beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

85. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Server Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

86. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Server Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. FOURTH CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA; Overtime Provisions)

87. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

88. At all relevant times, Plaintiff Snearly has been entitled to the rights, protection, and benefits provided by the FLSA.

89. At all relevant times, Snearly has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

90. At all relevant times, Defendants were "employers" of Snearly as defined by 29 U.S.C. § 203(d).

91. Snearly was non-exempt from the overtime provisions of the FLSA and entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

92. Defendants violated the FLSA by failing to pay Snearly overtime premiums for all hours worked in excess of forty (40) hours per week.

93. By reason of the unlawful acts alleged herein, Defendants are liable to Snearly for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Server Plaintiffs Amelia Goldman, Anabel Logan, and Mary Mesquit, individually and on behalf of all members of the putative class, and Plaintiff Tiffany Snearly, respectfully request this Court grant the following relief:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

(e)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g)     An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(h)     Reservation of the right to amend this Complaint as provided by law; and

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**AMELIA GOLDMAN, ANABEL LOGAN, and MARY MESQUIT, Each Individually and on Behalf of Others Similarly Situated, and TIFFANY SNEARLY, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com